# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FANNY ORTIZ, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01416-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Jose Ortiz ("Plaintiff"), a state prisoner, is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on October 8, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff married Fanny Ortiz in October 1993, and they were divorced in December 2000. In 2002, Plaintiff bought a Ford Expedition. Plaintiff had been sent to prison based on Ms. Ortiz' false testimony and gave the vehicle to his mother. He also had a notarized letter and signed the pink slip over to his mother.

In July 2011, Ms. Ortiz transferred the vehicle into her own name although Plaintiff had not signed the pink slip. The paperwork that Ms. Ortiz presented to the Department of Motor Vehicles was not genuine. On August 16, 2011, Ms. Ortiz reported the vehicle stolen. Ms. Ortiz went to Los Angeles and tried to have his mother arrested. Plaintiff contends that the Los

Angeles police department should have taken a report and the matter should have gone to civil court.

In November 2012, Ms. Ortiz sold the vehicle to a private party in Bell Gardens, California. Plaintiff has been aware of this situation since late December 2015. He has reported it to correctional officers at the prison who just laughed at him and said, "so."

On August 16, 2019, Plaintiff contacted the Lindsay Police Department and got a response from Lt. Nave. Plaintiff asks the Court to find that the statute of limitations has been tolled until August 16, 2019 because that is when he had full knowledge of the facts sufficient to put a reasonable person on notice.

Plaintiff brings this action against Fanny Ortiz, the Los Angeles Police Department, Officer Perez, and the Lindsey Police Department alleging violations of the Fifth and Fourteenth Amendments, Bills of Attainer and Ex Post Facto. He is seeking to be compensated for the full value of his vehicle and for Fanny Ortiz to be arrested and prosecuted for forgery, identity theft, grand theft, and perjury.

## III.

## DISCUSSION

### A.     Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Further, a local government unit may not be held responsible for the acts of its employees

under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

1. Ms. Ortiz

Plaintiff cannot bring an action under section 1983 against Ms. Ortiz for the actions alleged in the complaint. A person acts under color of state law when she has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." West, 487 U.S. at 50.

To act under color of law does not require that the defendant be an employee of the state, acting under color of state law can also be found were the defendant was "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). There are four different factors or tests that courts use to determine if a private party is acting under color of law: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835–36 (9th Cir. 1999). However, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." Ouzts v. Maryland Nat. Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974); see also Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (there is no right to be free from the infliction of constitutional violations by private actors).

To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002). "Whether a private party engaged in state action is a highly factual question[,]" in which the

nature and extent of the relationship between the defendant and the state is crucial. Brunette, 294 F.3d at 1209. Although Ms. Ortiz filed a police report and the police acted in response to the report, the allegations in the complaint demonstrate that she was not a state actor. The Ninth Circuit has held that "merely complaining to the police does not convert a private party into a state actor." Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989). Nor does the execution of a sworn warrant by a private party convert the private party's action into state action. Collins, 878 F.2d at 1155. A substantial degree of cooperation between a private actor and state actors are required to impose civil liability for actions by private individuals that impinge on an individual's civil rights. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002).

Here, it is clear from Plaintiff's complaint that Ms. Ortiz did not act in concert with a state actor to violate Plaintiff's rights. Rather, as alleged, Ms. Ortiz fraudulently transferred title to Plaintiff's vehicle to herself while he was incarcerated and then reported the vehicle stolen. Accordingly, Plaintiff has failed to state a claim against Ms. Ortiz under section 1983.

2. <u>Municipal Liability</u>

Plaintiff brings this action against the Los Angeles Police Department and the Lindsey Police Department. Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). The deliberate indifference standard for municipalities is an objective inquiry. Castro, 833 F.3d at 1076.

A plaintiff seeking to impose liability upon a municipality is required to identify the policy or custom that caused the constitutional injury. Bd. of Cty. Comm'rs of Bryan Cty., Okl.,

520 U.S. at 403. A municipality may only be held liable for those deprivations that result "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. at 404.

Plaintiff's complaint is devoid of any factual allegations regarding any policy or custom of the Los Angeles or the Lindsey Police Department. Plaintiff has failed to state a claim against the Los Angeles or the Lindsey Police Department.

3. Defendant Perez

To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. Here, Plaintiff names Defendant Perez as a defendant in the action, but the complaint is devoid of any allegations regarding Defendant Perez. The only mention of Defendant Perez is in the letter attached to the complaint from the Lindsey Police Department. The letter indicates that Defendant Perez was not present at the recovery of the vehicle nor was he the reporting officer on the recovery report. Plaintiff has failed to state a claim against Defendant Perez.

For the reasons discussed above, Plaintiff has failed to state a claim against any named defendant. Further, the Court finds that it would be futile to grant Plaintiff leave to amend for the reasons discussed below.

**B.    Legal Standards**

1. Fifth Amendment

Plaintiff alleges that his rights under the Fifth Amendment have been violated. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003). The Takings Clause of the Fifth Amendment has been made applicable to the States through the Fourteenth Amendment. Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 536 (2005). The Takings Clause " 'limits the government's ability to confiscate property without paying for it,' and 'is designed to

bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.' " <u>Vance</u>, 345 F.3d at 1089.

"The United States Constitution protects individual rights only from government action, not from private action." <u>Single Moms, Inc. v. Montana Power Co.</u>, 331 F.3d 743, 746 (9th Cir. 2003). "The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property." <u>Lingle</u>, 544 U.S. at 536. Plaintiff's allegation that this ex-wife fraudulently transferred title to his vehicle to herself is not the type of property deprivation that is protected by the takings clause of the Fifth Amendment.

2. <u>Fourteenth Amendment</u>

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. <u>Albright v. Oliver</u>, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. <u>Cty. of Sacramento v. Lewis</u>, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. <u>Lewis</u>, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' " <u>Id.</u> at 847. To state a substantive due process claim, a plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." <u>Brittain v. Hansen</u>, 451 F.3d 982, 991 (9th Cir. 2006).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 569–70 (1972). The procedural protections of the due process clause apply to state actors and not to private parties. <u>Rendell-Baker v. Kohn</u>,

7

457 U.S. 830, 837 (1982). "[P]rocedural due process claims are resolved by balancing tests, where differing interests can give rise to many differing procedural requirements." Brittain, 451 F.3d at 1000. "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

Although Plaintiff has a property interest in his vehicle, he cannot link the deprivation of his vehicle to the actions of the municipal officials. As discussed above, Ms. Ortiz was the individual who falsified the transfer of the pink slip and reported that the vehicle had been stolen. Liberally construed, Plaintiff alleges that the police officers in Los Angeles and Lindsay did not investigate to determine that the pink slip had been falsified in 2011 and that the police officers in Lindsay did not do anything when he reported the incident in 2019. Plaintiff's contention here is that the police should have investigated and realized that Ms. Ortiz had falsified the transfer of the vehicle. However, Plaintiff does not have a protected interest under the due process clause to an adequate investigation. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); see also Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005) ("benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause"); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"). The failure to investigate did not deprive Plaintiff of a protected interest and Plaintiff cannot state a due process claim against the police officers based on their response to Ms. Ortiz' report that the vehicle had been stolen.

        3.        Bills of Attainer and *Ex Post Facto* Laws

Plaintiff also alleges a violation of the prohibition against bills of attainer or *ex post facto* laws. The United States Constitution provides that Congress shall not pass a Bill of Attainer or *ex post facto* law. U.S. Const. art. I, § 9, cl. 3. "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.' " Fowler Packing Co., Inc. v. Lanier, 844 F.3d 809, 817 (9th Cir. 2016) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977)). There are three key

features that brand a statute a bill of attainder: "the statute (1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial." SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 666 (9th Cir. 2002) (quoting Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 847 (1984).

"The phrase '*ex post facto* law' was a term of art with an established meaning at the time of the framing." Peugh v. United States, 569 U.S. 530, 538 (2013) (quoting Collins v. Youngblood, 497 U.S. 37, 41 (1990)). The *ex post facto* prohibition forbids the Congress and the States from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (citations omitted). The *Ex Post Facto* Clause "ensures that individuals have fair warning of applicable laws and guards against vindictive legislative action." Peugh, 569 U.S. at 544.

Here, Plaintiff is not challenging any law or statute that has been imposed upon him, but is alleging that his vehicle was stolen by Ms. Ortiz when she fraudulently transferred title to the vehicle to herself. Plaintiff's claim in this does not implicate the prohibition against bills of attainer or the *Ex Post Facto* Clause.

### C. Arrest and Prosecution

Finally, in his request for relief Plaintiff seeks to have Ms. Ortiz arrested and prosecuted for forgery, identity theft, grand theft, and perjury. The Court cannot grant the relief that Plaintiff is seeking. The Constitution delegates powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch. Bowsher v. Synar, 478 U.S. 714, 721 (1986). It is the Executive Branch of the United States that has exclusive authority and absolute discretion to decide whether to prosecute a case. United States v. Nixon, 418 U.S. 683, 693 (1974). As the Judicial Branch, this Court does not have the power to issue an order for the arrest of Ms. Ortiz and for her to be criminally prosecuted.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed, Plaintiff's complaint fails to state a cognizable claim for a

violation of his federal rights.  Based upon the allegations in Plaintiff's complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would state a claim, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint, filed October 8, 2019, be DISMISSED WITHOUT LEAVE TO AMEND.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 31, 2019**

UNITED STATES MAGISTRATE JUDGE