# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>FANNY ORTIZ, et al.,<br><br>         Defendants. | Case No.  1:19-cv-01416-AWI-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO REMOVE DEBT<br><br>(ECF No. 9) |

Jose Ortiz ("Plaintiff"), a state prisoner, appeared *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed an application to proceed without prepayment of fees which was granted on October 31, 2019.  On November 1, 2019, findings and recommendations issued recommending dismissing the complaint without leave to amend for failure to state a claim.  On November 14, 2019, Plaintiff filed a notice of voluntary dismissal and this action was closed pursuant to Fed. R. Civ. P. 41(a).

On October 21, 2020, Plaintiff filed a request that his debt be cancelled and the prison be notified to stop making deductions from his inmate trust account.  "Filing fees are part of the costs of litigation," and prisoner cases are no exception.  Slaughter v. Carey, No. CIVS030851MCEDADP, 2007 WL 1865501, at *1 (E.D. Cal. 2007) (quoting Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998)).  Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914.  Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan, No.

1

1  3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) citing Green v. Bank of
2  America, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012)
3  (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41
4  (a)).  The Prison Litigation Reform Act ("PLRA") has no provision for return of fees that are
5  partially paid or for cancellation of the remaining fee.  Slaughter, 2007 WL 1865501, at 1 (citing
6  Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001) (inmates who proceeded pro se and in
7  forma pauperis were not entitled to refund of appellate fees or to cancellation of indebtedness for
8  unpaid appellate fees after they withdrew their appeals)).

   Voluntary dismissal does not entitle a litigant to a refund of the filing and docketing fees.
10 Porter v. Dep't of Treasury, 51 V.I. 1212, 1216 (3d Cir. 2009).  Under the PLRA, once a prisoner
11 is granted leave to proceed in forma pauperis, the prisoner is obligated to pay the fees in full.
12 Porter, 51 V.I. at 1218 n.4.  The filing fee is assessed for the privilege of initiating the matter,
13 without regard to the subsequent disposition.  Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir.
14 1997), as revised (July 23, 1997).  In fact, "[a] congressional objective in enacting the PLRA was
15 to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by
16 liability for filing fees.' "  Goins, 241 F.3d at 261.  Thus, the filing fee is owed upon initiation of
17 an action, and the obligation to pay the filing fee is not predicated upon the guarantee of some
18 particular outcome within a particular time frame.  Plaintiff filed this action, triggering the
19 obligation to pay a filing fee, and Plaintiff's obligation to pay the filing fee cannot be discharged
20 because it did not proceed as he may have envisioned.

21   Accordingly, Plaintiff's request to remove his debt is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **October 22, 2020**

UNITED STATES MAGISTRATE JUDGE